PEOPLE, PLAINTIFF AND APPELLEE, *v.* LUCCIONI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Adulteration of Milk.

No. 1574.—Decided January 24, 1921.

ADULTERATED MILK—EVIDENCE.—When the evidence as a whole is convincing that the defendant was the owner and in actual control of the milk-stall, an attempt to show that the license was in the name of an employee will not avail him to evade responsibility for the sale of adulterated milk.

The facts are stated in the opinion.
*Messrs. J. F. Fernández* and *I. Soldevila* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Defendant was convicted of adulterating milk and assigns three errors on appeal. The parties also discussed a fourth error which, by reason of its intimate relation to the other

errors of the case, we shall discuss, but counsel must be careful to assign errors if they wish this busy court to consider them.

The three errors assigned are: (1) That the judgment is against the proof; (2) that the court erred in refusing to continue the case, and (3) that the penalty of one month was excessive. The alleged error which was not assigned was that the court unduly admitted as a certificate an answer of the municipal commissioner of finance to a letter of the fiscal.

There was evidence by an employee that the milk-stand belonged to the defendant and a certificate from the municipal commissioner also tended to show that fact. The proof was clear that the milk was adulterated. The defendant, however, attempted to show, principally by his own testimony, that the license to the milk-stand was in the name of the same employee, Petra Montalvo, who gave evidence against him. A good deal of the objection as to the insufficiency of the evidence turned around the question of whether the defendant was or was not the owner of the shop.

The admission of the answer of the municipal commissioner would have had relation to this issue. We shall not spend a great amount of time in discussing whether the municipal commissioner was a proper officer to make this certificate, because the objection of the defendant was not put upon that ground, but merely that the certificate was incomplete, which is too vague an objection to avail a defendant on appeal. The ground of objection must be more specific, especially if the officer has any records under his control. There was no objection made that the answer was not duly certified.

Not only is this true, but the error was waived by another witness being allowed without objection to state (hearsay evidence it is true) that he verified that the stand belonged to the defendant from the municipal records.

At the trial it was not made very clear by the defendant that the license to the stand had been transferred to this employee. The court had a right to believe the fact to be otherwise. However, even if this license was actually transferred to her, the court had a right to believe from the defendant's own testimony that he continued to be the person in real control of the stand. The shop was his. All the containers and vessels in the shop belonged to him. The milk was shown to be his; at least, the proof did not show that any other milk but his was sold in the stand, but, on the contrary, that his milk was sold. The said Petra Montalvo, because the defendant did not want to continue her as such employee, was to receive two cents on every quart of milk sold, but there is no doubt in our minds that the defendant maintained a perfect control over the shop and that he could have dismissed Petra Montalvo whenever it suited his pleasure. The proof of ownership is so strong that even supposing there had been any error in admitting the answer of the municipal officer, such admission was harmless.

With regard to the failure to continue the case, the fact was that the defendant could not find a certain witness and that the court postponed the case for three hours to allow him to attempt to find the said witness. As the defendant announced himself ready for trial the court appears to have been liberal in the exercise of its discretion, but, in any event, in the absence of a showing that the witness was important or necessary, this failure cannot now be assigned as error. The modes of obtaining a continuance have been discussed by us in *People* v. *Román*, 18 P. R. R. 217, and in *Dyer* v. *Rossy*, 23 P. R. R. 718, where we have discussed to some extent the steps necessary to secure the continuance of a case.

With respect to the third error assigned, we have re-

viewed the proof and find no reason for interfering with the discretion of the court in fixing the penalty at one month.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.